UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:19-CR-00269 |
| v. | ) | Judge Richardson |
| | ) | |
| | ) | |
| TYRONE FLOYD BERRY | ) | |

CONSENT ORDER OF FORFEITURE
CONSISTING OF UNITED STATES CURRENCY
<u>MONEY JUDGMENTS AS TO EACH COUNT OF THE INFORMATION</u>

Based on the representations of the United States and Defendant Tyrone Floyd Berry at the plea hearing in this matter, the pleadings, and the evidence before the Court, the Court finds as follows:

**WHEREAS**, on October 25, 2019, the United States filed a three count Information against Defendant, charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 at Count One and with wire fraud in violation of 18 U.S.C. § 1343 at Counts Two and Three.

**WHEREAS,** the Forfeiture Allegation of the Information gave notice pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c) that upon conviction of Counts One through Three, the United States would seek forfeiture from Defendant of the proceeds of the wire fraud scheme, including money judgments as to the amount of the proceeds.

**WHEREAS,** the Forfeiture Allegation of the Information also gave notice to Defendant that in the event any of the proceeds, as a result of any act or omission of Defendant:

      a.    cannot be located upon the exercise of due diligence;
      b.    has been transferred or sold to, or deposited with, a third party;
      c.    has been placed beyond the jurisdiction of the court;
      d.    has been substantially diminished in value; or

> e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(e), to seek forfeiture of any other property of Defendant up to the value of said property listed above as subject to forfeiture, including but not limited to a money judgment representing the value of said property.

**WHEREAS**, on October 24, 2019 Defendant pled guilty to the Information and made no objection to the statement of facts presented by the United States that the amount of proceeds of the wire fraud conspiracy embezzlement scheme were $825,234.92.

**WHEREAS**, Defendant entered into a Plea Agreement wherein he agreed at paragraphs 22 – 34 to certain conditions which are incorporated herein as if fully set out in this Order.

**WHEREAS**, Defendant acknowledges that he received 30% of the proceeds and coconspirator Aaron James Hill received 70%.

**WHEREAS**, the United States has requested that Defendant be required to forfeit the following amount of proceeds as to:

> a. Count One in the amount of $247,734.92 (30% of $825,234.92);
> b. Count Two in the amount of $17,990.42 (30% of $59,968.07); and
> c. Count Three in the amount of $14,562.42 (30% of $47,541.43)

(collectively the "Subject Property") representing the amount of proceeds Defendant received from the fraud.

**WHEREAS**, there is a preponderance of the evidence that the Subject Property is subject to forfeiture because these funds are property, real or personal, constituting or derived from proceeds traceable to wire fraud and/or conspiracy to commit wire fraud as charged in the Information.

2

WHEREAS, based on the pleadings and the facts in evidence in this case, it is appropriate to enter a Consent Order of Forfeiture consisting of United States Currency Money Judgments as to:

    a.    Count One in the amount of $247,734.92 (30% of $825,234.92);
    b.    Count Two in the amount of $17,990.42 (30% of $59,968.07); and
    c.    Count Three in the amount of $14,562.42 (30% of $47,541.43)

("Order of Forfeiture").

WHEREAS, as a result of Defendant's acts or omissions, the Subject Property received by Defendant in proceeds as a result of the wire fraud violations and conspiracy to commit wire fraud as alleged in the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property.

WHEREAS, an Order of Forfeiture consisting of money judgments as to each count of the Information is appropriate.

NOW THEREFORE it is hereby **ORDERED** that:

    A.    A Consent Order of Forfeiture Consisting of United States Currency Money Judgments as to each Count of the Information is hereby taken against Defendant Tyrone Floyd Berry in the following amounts as to:

    a.    Count One in the amount of $247,734.92;
    b.    Count Two in the amount of $17,990.42; and
    c.    Count Three in the amount of $14,562.42.

    B.    Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture shall become immediately final as to Defendant and shall be made part of the sentence

and included in the judgment in a criminal matter. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

C. The United States may engage in discovery, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission or mitigation.

D. The presentence investigative report and any supporting documentation shall be released to the Asset Forfeiture Unit of the United States Attorney's Office to assist in location of assets.

E. The Internal Revenue Service shall release Defendant's tax returns yearly to the Asset Forfeiture Unit of the United States Attorney's Office until the money judgments are paid in full.

F. The total amount of assets that may be collected against the Order of Forfeiture is $247,734.92 United States currency.

G. The United States Probation and Pretrial Services will provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

H. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value not to exceed in total $247,734.92 United States currency to satisfy the Order of Forfeiture in whole or in part.

I. Upon payment of the Order of Forfeiture in full, the United States shall file a satisfaction of judgments with the District Court and the appropriate clerk of the county in which any transcript or abstract of the Order of Forfeiture has been filed.

J.  Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $247,734.92 United States currency is made.

K.  Payments toward the Order of Forfeiture shall be submitted for application against restitution via the Money Laundering and Asset Recovery ("MLARS") remission and restoration process, with the parties understanding that the final decision to apply forfeited assets to restitution lies with MLARS.

L.  With the exception of restitution as set forth in the previous paragraph, payment toward the Order of Forfeiture may not be applied toward satisfaction of any fine, cost of imprisonment or other penalty.

M.  Defendant will cooperate and assist the United States in its efforts to recover proceeds of his crimes.

N.  The Court shall retain jurisdiction to enforce this Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  8th  day of     September        2021.

*Eli Richardson*
HONORABLE ELI J. RICHARDSON
United States District Judge